UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ATCHISON,

    Petitioner,

v.

KENNETH McKEE,

    Respondent.

_____/

Case No. 1:12-CV-557

HON. JANET T. NEFF

**OPINION & ORDER**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

    Petitioner argues that the Magistrate Judge, and the Michigan state courts, "have failed to consider *all* the circumstances surrounding the [guilty] plea" and that the Magistrate Judge therefore erred by recommending that the petition for writ of habeas corpus be denied (Pet'r Obj., Dkt 20 at

1-2) (emphasis in original). Specifically, Petitioner argues that his "trial counsel coerced him into taking the plea based on counsel's misscored [sentencing] guidelines" (*id.* at 2).

Petitioner's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge properly determined that even if Petitioner's recollections of his trial counsel's advice were true, the record demonstrates that Petitioner was made aware of the actual terms of the plea bargain (R&R, Dkt 19 at 7, citing 6/10/2010 Plea Hr'g Tr., 3-10) and that Petitioner voluntarily, knowingly, and intelligently decided to plead guilty (*id.* at 8). Petitioner testified at the plea hearing that he understood (1) the charges against him; (2) the potential sentences that could be imposed, including "up to life in prison;" (3) that the specific sentence was still to be determined based on various factors; and (4) that his plea was not based on any other promises made to Petitioner (*id.* at 7-8, citing 6/10/2010 Plea Hr'g Tr., 3-10). In other words, Petitioner's testimony at the plea hearing demonstrates that he understood that there was no guarantee regarding the length of sentence he would receive and that the charge to which he was pleading was punishable by "up to life in prison" (*id.*). These facts support the conclusion that Petitioner had been made "fully aware of the direct consequences" of his guilty plea. *Brady v. United States*, 397 U.S. 742, 755 (1970).

In sum, the Magistrate Judge properly concluded that the Michigan Court of Appeals' ruling that Petitioner's claim lacked merit was neither contrary to clearly established federal law, nor an unreasonably application of clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. Petitioner's objections to the Report and Recommendation are therefore denied. Accordingly, Petitioner's petition for writ of habeas corpus is also denied.

The Court must further determine, pursuant to 28 U.S.C. § 2253(c), whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claim debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that Petitioner's Objections to the R&R (Dkt 20) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 19) is APPROVED and ADOPTED as the Opinion of the Court and.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: October  21 , 2014 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge